ERVIN, Chief Justice.
We review an order of the Florida Industrial Commission reversing an order of the Judge of Industrial Claims.
A succinct delineation of the facts and the holding below in this case is achieved by quoting first from the full Commission order and then from the order of the Judge of Industrial Claims. The order of the Commission .reads .in part:
“The claimant, a 59-year-old male employed as a truck driver, fell approximately 15 feet from a load of hay over which he was attempting to place a tarpaulin. Remedial emergency treatment was furnished and claimant released. His injuries were diagnosed as a fractured left os calsis, sprained back and contusion on his head. Subsequently, claimant was placed in the hospital from February 7, 1967 to March 17, 1967, for evaluation and treatment. “ * * * the judge [JIC] entered the Order now under review awarding the claimant permanent partial disability based on a 60 percent diminution of wage earning capacity due to his physical impairment. The judge further awarded the payment of compensation for temporary total disability from January 25, 1967, to March 16, 1967, plus interest and an attorney’s fee.
“The employer and carrier * * * [urged] that there is no competent substantial evidence which accords with logic and reason to support a 60 per cent diminution of wage earning capacity.
“The testimony of the doctors indicated a functional permanent disability of between 10 and 20 per cent of the body as a whole. This is not sufficient evidence in itself, in our opinion, to support a 60 per cent loss of wage earning capacity. Furthermore, it appears that the claimant has made no attempt to resume work since December of 1966. The record reflects that several positions have been offered the claimant which, *445 according to the treating physicians, he is capable of filling. * * * ”
“ * * * it is
“ORDERED that said Order of the judge of industrial claims dated September 8, 1967, be and the same is hereby reversed and the cause be and the same is hereby remanded to him to redetermine claimant’s loss of wage earning capacity, if any, and enter,a,new Order,.cpn-sistent with the views hereinabove expressed.”
The order of the Judge of Industrial Claims reads in part:
“6. It is found that the claimant’s refusal to accept jobs offered to him by the employer up to the time of the final hearing was justified because of his physical difficulties, and he is not disqualified from receiving compensation because of such refusal up to said time.
“7. As a result of his injury, the claimant suffered a 20% permanent physical impairment due to persisting pain in his back radiating down his legs, hyposthesia of both legs, atrophy of his left leg, shortening of his left leg, slipping of his left ankle joint and limitation of motion of his back and left ankle.
“8. The claimant has pain in his neck, shoulders, arms, back, hips and legs. He experiences weakness in his left leg up to the knee. His feet swell when he does any extensive walking or standing. When he walks he feels a slipping of his left ankle joint. He is limited in forward bending. He could not do heavy lifting or repetitive pushing. His pain is increased by prolonged standing. He can not sit long without having to shift his position. He has to wear a back support, and an elastic stocking on his left foot. His difficulties are accentuated by his obesity.
“9. The claimant is 60 years old. He attended school to the eighth grade. He had worked for this employer for 25 years as a truck driver and farm worker. The only other kind of work he has ever done is barbering. He had a barber shop of his own for one year and then continued doing barbering on a part time basis until five years ago. He could not return to truck driving or farm work or any other work involving strenuous activity, long standing or prolonged sitting in one position. He could do moderate amounts of driving in a car with an automatic transmission. He could do watchman work not requiring much movement. He could do some barbering. The claimant has made some effort unsuccessfully to find work that he can do. A nurse of the Florida Industrial Commission Rehabilitation Department testified that it would be extremely difficult to find employment for him in his present condition, if it were at all possible. Considering the claimant’s age, education, work history and opportunities for finding employment, it is found that he has sustained a 60% diminution of his wage earning capacity due to his physical impairment, and he is entitled to compensation for his permanent partial disability at the rate of $42.00 per week for 210 weeks, starting as of March 17, 1967, plus interest on past due payments.”
With the foregoing cleavage between the two orders in mind, we reviewed the evidence in the light of the petition for writ of certiorari of petitioner, Therious Everett, and cross-petition of employer, South Florida Growers, Co., Inc.
The record indicates that the claimant was compensably injured on or about May 11, 1966, after which he was treated by Dr. Marshall F. Hall. Dr. Hall’s reports are made a part of the record, covering the period May 19, 1966 through March 20, 1967, which reports include a letter from Dr. Hall to the Florida Fruit and Vegetable Association dated March 20, 1967, stating: “We feel that this man represents a 20% permanent disability to his *446 left ankle as a result of the comminuted fracture of the os calsis, and a 10% permanent disability of his back, or a total of 15% permanent disability of the body as a whole as a result of his accident.”
Dr. Gregory, an orthopedic surgeon, in his reports (one dated October 10, 1966 and one dated April 6, 1967) has stated that in his opinion a “twenty per cent disability of the left foot is a generous estimate of permanent impairment in this instance.”
On February 1, 1967, the patient was examined by Dr. Claude R. Holmes, Jr., an orthopedic surgeon in Miami, who, after setting forth the history of the illness of the patient and his medical findings, concluded by stating: “This patient has had a fracture of his left os calcis and a strain of the back. Patient continues to have some symptoms in both of these areas. This patient has a 15-20 per cent permanent partial disability of the body as a whole. No further treatment is indicated.”
On May 25, 1967 a report was made to David E. Skipper, Chief of Rehabilitation, Florida Industrial Commission, by Mildred L. Banky, Rehabilitation Nurse-Coordinator, titled “Rehabilitation Survey” concerning Therious Everett. In her report, the nurse has cited the medical history of the patient, his treatment and the finding of Dr. Hall, as well as the reports of Drs. L. Gregory, Albert Ehlert, and Pedro Arroyo, as contained in the files of the Industrial Commission. The opinion of the nurse is succinctly stated in the penultimate paragraph of her report, as follows:
“It is this writer’s opinion that [at] this time Mr. Everett is not a candidate for the open labor market because of his physical condition and age.”
In addition to the foregoing evidence, there was considerable additional testimony from claimant and his witnesses supporting the findings of the Judge of Industrial Claims in paragraphs numbered 8 and 9 of his order.
The foregoing considered, we find we are unable to agree with the full Commission that the Judge of Industrial Claims’ order is without supporting evidence that claimant has sustained a 60 per cent diminution of his wage earning capacity due to his physical impairment.
The order of the full Commission is reversed with directions that the order of the Judge of Industrial Claims be reinstated.
It is so ordered.
DREW and THORNAL, JJ., and TAYLOR, Circuit Judge, concur.
CALDWELL, (Ret,), J., dissents.